```
               UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF INDIANA
                    HAMMOND DIVISION
```

ANTHONY WAYNE CILEK,        )
                            )
          Plaintiff,        )
                            )    CAUSE NO. 2:15-CV-151 RL
     vs.                    )
                            )
HOBART POLICE               )
DEPARTMENT, *et al.*        )
                            )
          Defendants.       )

## OPINION AND ORDER

This matter is before the Court on an amended "Prisoner Complaint 42 U.S.C. § 1983," filed by Anthony Wayne Cilek, a *pro se* prisoner, on September 28, 2015. (DE #20.) For the reasons set forth below, the Court:

(1) **GRANTS** the plaintiff leave to proceed on a claim against Zachary Crawford, Adrian Bustos and Ryan Snedecor in their individual capacities for monetary damages for violating the Fourth Amendment by using excessive force against him on June 5, 2014;

(2) **GRANTS** the plaintiff leave to proceed on a claim against Zachary Crawford, Adrian Bustos, Ryan Snedecor and Corey Hanrahan in their individual capacities for money damages for violating the Fourth Amendment by conducting a warrantless search of Cilek's residence on June 5, 2014;

(3) **DISMISSES** all other claims;

-1-

(4) **DISMISSES** the Hobart Police Department, Scott Shaginaw and K-9 Spike;

(5) **DIRECTS** the clerk to transmit the summons and USM-285 for Zachary Crawford, Adrian Bustos, Ryan Snedecor and Corey Hanrahan to the United States Marshals Service along with a copy of the amended complaint (DE #20) and this order;

(6) **DIRECTS** the U.S. Marshals Service to effect service of process on Zachary Crawford, Adrian Bustos, Ryan Snedecor and Corey Hanrahan pursuant to 28 U.S.C. § 1915(d); and

(7) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Zachary Crawford, Adrian Bustos, Ryan Snedecor and Corey Hanrahan respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

BACKGROUND

Anthony Cilek raises claims of unlawful search and seizure and excessive force. He alleges that Hobart Police Officers came to his home without a warrant in June 2014. They proceeded to kick in the door of his home, attack him and then took his dog. He brings suit against the Hobart Police Department, Hobart Police Officers Zachary Crawford, Adrian Bustos, Corey Hanrahan, Scott Shaginaw and Ryan Snedecor, and Hobart K-9 police dog, Spike.

DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Under federal pleading standards,

> a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quotation marks and internal citations omitted). Furthermore, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. To survive dismissal, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

To start, Cilek sues Hobart Police Officers Zachary Crawford, Adrian Bustos, Ryan Snedecor and Corey Hanrahan in connection with

an alleged unreasonable search that occurred at his home on June 5, 2014. The complaint alleges that on that date, those officers were investigating a battery claim and had a search warrant for a yellow and white trailer located at 615 W. 37th Ave., Lot 38, but for some undisclosed reason they came to his red and white trailer located at 615 W. 37th Ave., Lot 50. When they arrived at his trailer, they spoke with Cilek and asked to search the residence. Cilek refused. Despite this, those four officers went into the home and conducted a warrantless search. Cilek brings a claim against these officers for entering and searching his home without a warrant in violation of the Fourth Amendment.

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures shall not be violated . . . ." U.S. CONST. AMEND. IV. The Fourth Amendment generally protects an individual's right to be free from warrantless intrusions into the home. *United States v. Foxworth*, 8 F.3d 540, 544 (7th Cir. 1993). However, there are exceptions to the warrant requirement. One such exception is when exigent circumstances are present. *Id.* "Exigent circumstances are defined as a compelling need for official action and no time to secure a warrant." *Id.* (citations omitted).

Here, the complaint can be read to allege that the four Hobart officers busted down his front door, entered and searched Cilek's home without consent, without a warrant, and without the presence

of any exigent circumstances. Notably, the allegations and attachments to the complaint reveal that the search of Cilek's residence was likely an issue in the underlying criminal case. However, it is unclear whether that issue was previously litigated to invoke *res judicata*. Giving Cilek the inferences to which he is entitled at this stage, he has alleged enough to proceed further against these officers.

Next, Cilek claims that Officers Crawford, Bustos and Snedecor assaulted him after they entered his residence. He alleges Officer Snedecor sent K-9 Spike into the residence to attack him. Then, once the K-9 had subdued Cilek, Bustos and Crawford starting kicking him. Cilek suffered injuries that required him to seek medical attention. While at the hospital, Officers Crawford and Bustos poked and pushed on Cilek's open wounds in an effort to hurt him.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id*.

Here, the complaint can be read to allege that Officers

Crawford, Bustos and Snedecor used force against him to maliciously or sadistically cause harm. Giving him the inferences to which he is entitled at this stage, he has alleged enough to proceed further against Officers Crawford, Bustos and Snedecor. Further factual development may show the officers acted reasonably under the circumstances, but Cilek has alleged enough at this stage.

Next, Cilek claims that Corey Hanrahan seized Cilek's dog while he was searching his residence. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law", but a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (INDIANA CODE § 34-13-3-1 *et seq.*) provides for state judicial review of property losses caused by government employees, and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more

process was due.") "The courts in this and in other states in numerous decisions have held that dogs are property." *Vantreese v. McGee*, 26 Ind. App. 525, 527 (1901). Therefore, even though Cilek may have a state tort claim, he does not have a federal constitutional claim based on the taking of his property.

Next, Cilek alleges that Officer Scott Shaginaw made false statements that were recklessly made in the affidavit used to obtain the search warrant.

> Under *Franks v. Delaware*, 438 U.S. 154 (1978), if a defendant can demonstrate by a preponderance of the evidence that the signatory of the warrant affidavit made a false statement (or omitted a material fact) either intentionally or with reckless disregard for the truth, then a court will consider whether the content of the affidavit, setting aside the false material (or including the omitted material), is sufficient to establish probable cause. If it is not, the search warrant must be voided and the fruits of the search excluded.

*United States v. Merritt*, 361 F.3d 1005, 1010 (7th Cir. 2004) (parallel citations omitted). If the alleged false statements were not sufficient to result in voiding the warrant and excluding the evidence obtained with it, then Cilek suffered no injury as a result of the false statements and he does not have a claim. If the alleged false statements were sufficient to result in voiding the warrant and excluding the evidence obtained with it, then that claim is not ripe until the conviction which resulted from the evidence obtained with that warrant is overturned or set aside.

Where the successful prosecution of a civil rights case would

undermine or imply the invalidity of a criminal prosecution, the civil rights case cannot proceed without proof "that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-7 (1994). Here, a monetary award based on a finding that the warrant affidavit contained relevant, intentionally false statements would imply the invalidity of Cilek's charges or conviction, therefore this allegation does not state a claim on which relief can be granted at this time and the claim must be dismissed without prejudice. If, in the future, Cilek can demonstrate that his charges were dropped or any resulting conviction has been overturned, then he may re-file this claim.

As a final matter, Cilek has brought suit against the Hobart Police Department and K-9 Spike. Neither of these are proper defendants. It appears he is trying to hold the Hobart Police Department liable as the police officers' employer. However, "the Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued." *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Moreover, a section 1983 suit cannot be maintained against a dog; thus his claim against K-9 Spike cannot be maintained either. *Dye v. Wargo*, 253 F.3d 296 (7th Cir. 2001). Therefore, both of these defendants

must be dismissed.

CONCLUSION

For the reasons set forth above, the Court:

(1) **GRANTS** the plaintiff leave to proceed on a claim against Zachary Crawford, Adrian Bustos and Ryan Snedecor in their individual capacities for monetary damages for violating the Fourth Amendment by using excessive force against him on June 5, 2014;

(2) **GRANTS** the plaintiff leave to proceed on a claim against Zachary Crawford, Adrian Bustos, Ryan Snedecor and Corey Hanrahan in their individual capacities for money damages for violating the Fourth Amendment by conducting a warrantless search of Cilek's residence on June 5, 2014;

(3) **DISMISSES** all other claims;

(4) **DISMISSES** the Hobart Police Department, Scott Shaginaw and K-9 Spike;

(5) **DIRECTS** the clerk to transmit the summons and USM-285 for Zachary Crawford, Adrian Bustos, Ryan Snedecor and Corey Hanrahan to the United States Marshals Service along with a copy of the amended complaint (DE #20) and this order;

(6) **DIRECTS** the U.S. Marshals Service to effect service of process on Zachary Crawford, Adrian Bustos, Ryan Snedecor and Corey Hanrahan pursuant to 28 U.S.C. § 1915(d); and

(7) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Zachary

Crawford, Adrian Bustos, Ryan Snedecor and Corey Hanrahan respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.


DATED: November 18, 2015          /s/ RUDY LOZANO, Judge
                                  United States District Court