# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| ANTHONY WAYNE CILEK, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | Cause No. 2:15-CV-151 JEM |
| | ) | |
| HOBART POLICE DEPARTMENT, | ) | |
| *et al.*, | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment [DE 63]. Anthony Wayne Cilek, a *pro se* prisoner, filed a lawsuit alleging that Defendants violated his rights by conducting warrantless (or otherwise improper) searches and using excessive force during the course of his arrest in criminal case 45G03-1406-FA-00020. Defendants argue that there is no genuine issue of material fact as to any of these claims, and they are entitled to judgment as a matter of law. However, the Court cannot rule on the merits of this motion at this time because this case implicates the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971).

"*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution." *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013). *See also Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) ("[F]ederal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings. [Plaintiff's] claims of damages resulting from illegal searches, seizures, and detentions meet that description: they involve constitutional issues that may be litigated during the course of his criminal case. Deciding those issues in federal court could undermine the state court proceeding." (citations omitted); *Olsson v. O'Malley*, 352 F. App'x 92, 94 (7th Cir. 2009) (implementing *Younger*

abstention where "state criminal proceedings against [plaintiff] are ongoing [and plaintiff] may litigate the issues raised in his complaint on direct appeal or state collateral review"); *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995) ("Because an appeal of [plaintiff's] conviction and death penalty sentence is currently pending before the Illinois Supreme Court, the potential for federal-state friction is obvious. The district court avoided that friction by abstaining from deciding [his] claims until the Illinois Supreme Court has had a full opportunity to review the circumstances surrounding [his] conviction").

The resolution of Defendants' motion would require this court to rule on procedural issues contested in the underlying ongoing State court criminal proceedings. Mr. Cilek's lawsuit challenges the validity of the search of his home. Defendants argue that this issue is barred by the doctrine of *res judicata* because the criminal court ruled on the matter during a suppression hearing. However, the period for Mr. Cilek to appeal his state court proceeding has not yet closed. Therefore, this issue is not yet finalized in the State courts, and this Court must abstain from deciding the issue until it has been finalized. *See Simpson*, 73 F.3d at 138 ("The policy against federal interference with pending state proceedings would [] be frustrated as much by a damages award as it would by either an injunction or a declaratory judgment. *Younger* abstention is therefore appropriate while the case works its way through the state appellate process"). Defendants' motion for summary judgment will be denied without prejudice, with leave to re-file upon the completion of Mr. Cilek's State court proceedings (including any appeal).

One final matter remains before this Court. Mr. Cilek has filed a motion to quash Defendants' motion for summary judgment. [DE 66]. While Mr. Cilek lists case law in opposition to Defendants' motion, he does not identify any legal basis to quash the motion itself. Moreover,

Defendants were entitled to file their motion pursuant to Federal Rule of Civil Procedure 56 and this Court's order of October 27, 2016. [DE 58].

For these reasons, the Court: (1) **DENIES WITHOUT PREJUDICE** Defendants' Motion for Summary Judgment [DE 63]; (2) **STAYS** all further proceedings in this case pending the resolution of the state criminal proceedings (including any appeal) in case 45G03-1406-FA-00020; (3) **ORDERS** Mr. Cilek to file a status report with the Court within 30 days of the conclusion of his State court proceedings (including the state appellate process) in case 45G03-1406-FA-00020; and (4) **GRANTS** Defendants leave to re-file their motion within 60 days after Mr. Cilek has filed his status report; and (5) **DENIES** Mr. Cilek's motion to quash [DE 66].

SO ORDERED this 5th day of July, 2017.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:  All counsel of record  
     Plaintiff, *pro se*